## JOHNS, *County Judge,* v. CASHELL.

No· 4098.   Opinion Filed January 26, 1915.

(146 Pac. 15.)

**MANDAMUS—Petition—Sufficiency.**   A peremptory writ of mandamus was issued in this case commanding respondent to forthwith pay to plaintiff $500 deposited as cash bail in a criminal case.   The pleading and proof show that the money was deposited with the clerk of the county court in his official capac-

ity, and fails to show that same was ever in the hands of de-
fendant. **Held,** that the petition did not state facts sufficient
to authorize the writ.

(Syllabus by Brewer, C.)

*Error from District Court, Creek County;*

*Wade S. Stanfield, Judge.*

Mandamus by J. W. Cashell against George A. Johns, County
Judge of Okmulgee County. Judgment for plaintiff, and defend-
ant brings error. Reversed and remanded, with directions.

*J. W. Childers,* Co. Atty., for plaintiff in error.

*J. B. Rutherford* and *J. F. Lawrence,* for defendant in error.

Opinion by BREWER, C. This is a suit in mandamus
brought against Geo. A. Johns, county judge of Okmulgee
county, to require him to pay to the defendant in error the sum
of $500, which had been deposited in lieu of bail for one Frazier,
standing charged with a criminal offense in the county court. The
petition alleges Frazier's arrest, arraignment, the fixing of his
bond, the deposit by petitioner of the $500, and that, "the said
county court, through its clerk, gave a receipt for said money, a
copy of which is hereto attached, marked Exhibit A, and made a
part hereof."

The petition further shows that Frazier appeared in court
and was tried and convicted; that demand had been made on
Geo. A. Johns for said money so deposited; and that he had re-
fused to pay the same. The receipt attached and made a part
of the petition is as follows:

"Office of County Court, Okmulgee County, Oklahoma.
                    "Geo. A. Johns, Judge.
                         "Okmulgee, Okla., Sept. 28, 1911.

"Received from J. W. Cashell $500.00, cashier's check, to
credit of appearance bond, Tom Frazier.
                         "W. B. Rennells, Clerk County Court."

The defendant, Johns, interposed a general demurrer to the petition, in that its allegations were not sufficient to authorize the relief prayed. The demurrer was overruled, and a perenptory writ of mandamus ordered commanding, "the said Geo. A. Johns to immediately pay to the said J. W. Cashell the sum of $500.00 deposited by him, the said J. W. Cashell, as a cash bond to guaranty the appearance of Tom Frazier, etc., and that he, the said Geo. A. Johns pay the costs of this action."

Numerous points are urged here by the plaintiff in error against the validity of the action taken in the district court, but, as we view the case, it is unnecessary to consider them in detail, for the reason that we believe that the demurrer to the petition should have been sustained. By referring back to the petition it will be observed that it is not shown that the defendant was ever in possession of the cash bail. The nearest the petition comes toward a showing of this kind is where it is alleged that "the said county court, through its clerk, gave a receipt for said money," etc. The receipt referred to is made a part of the petition, and, when we examine it, it is simply an ordinary receipt of a cashier's check for the amount named, signed by W. B. Rennells in his official capacity as clerk of the county court. So far as the allegations of the petition are concerned, and so far as is disclosed in the record, the clerk of the county court, who executed the receipt is, and has always been, in the possession of this deposit, and the said clerk is not a party to this suit. At the time of this deposit the clerk who executed this receipt was a statutory officer, who was required to have an official seal and to give bond before entering upon the duties of his office, "for the faithful performance of his official duties, and for the accounting and paying over of all moneys by him received as such officer." See section 1840, Rev. Laws 1910.

The petition herein, considered in the light of its own averments, coupled with the receipt, clearly shows that the clerk of the county court, in his official capacity, was the depository of the money involved in this action, and, this being true, it is

obvious that an order peremptorily requiring another person to pay this money must be, and is, founded in error.

There are several very interesting questions ably disclosed in the briefs presented here. For instance, it is contended that the extraordinary writ of mandamus ought not to lie, in any event, for the reason that a plain, certain, and adequate remedy, in the ordinary course of legal proceedings, was open to the plaintiff. But there are strong arguments made in opposition to this contention, and we do not feel called upon to go into the matter.

Another very interesting question, going to the jurisdiction of the court, need not be discussed, for the reason that the general demurrer filed by the defendant operated as a waiver, through general appearance, of the question complained of.

The cause should be reversed and remanded, with directions to set aside the judgment ordering the peremptory writ, and quashing same.

By the Court: It is so ordered.